IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONNA YERARDI,

    Plaintiff,

v.                                            Civil Action No. 5:11CV124
                                                            (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Donna Yerardi, filed an application for Disability Insurance Benefits ("DIB") alleging disability since March 6, 2003 due to back injury, mental and emotional conditions, depression, anxiety, and pain. The Social Security Administration ("SSA") denied the plaintiff's application initially and on reconsideration. The plaintiff then requested a hearing, and a hearing was held on September 24, 2008 before an Administrative Law Judge ("ALJ"). The ALJ ultimately issued a decision finding that the plaintiff was not disabled within the meaning of the Social Security Act. The plaintiff requested review by the Appeals Council, and on July 23, 2009, the Appeals Council vacated the ALJ's decision and remanded the case for further proceedings.[1] A

---

[1]As the report and recommendation explains, the Appeals Council vacated the hearing decision and remanded the case to the ALJ because the plaintiff had not been given the required twenty

supplemental hearing was held, and on May 26, 2010, the ALJ denied the plaintiff's claim a second time. Again, the plaintiff requested review by the Appeals Council, which was denied, rendering the ALJ's decision final. The plaintiff now seeks judicial review pursuant to 42 U.S.C. § 405(g) of the adverse decision of the defendant, the Commissioner of Social Security.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On May 25, 2012, the magistrate judge issued a report and recommendation recommending that the defendant's motion for summary judgment be granted and that the plaintiff's motion for summary judgment be denied. Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections on or before June 8, 2012. Neither party filed objections.

---

days notice before the hearing and because new and material evidence from Dr. Alex Ambroz indicated that the plaintiff might be more limited than found in the original hearing decision. (R. 88.) Both of these problems were rectified at the subsequent hearing.

2

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). In this case, neither party filed objections to the report and recommendation, thus, the plaintiff waived her right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

In her motion for summary judgment, the plaintiff alleges that the ALJ failed to properly develop the record. Specifically, the plaintiff argues that the ALJ failed to: (1) adequately question her about her impairments, medical treatment, and functional restrictions; (2) order a consultative psychiatric exam; and (3) re-contact her treating physician to obtain additional records. The defendant, in his motion for summary judgment, argues that the record was adequately developed and substantially supports a finding that the plaintiff was not disabled.

In his report and recommendation, the magistrate judge found that the ALJ did not err by failing to adequately develop the record. As the magistrate judge noted, the ALJ questioned the plaintiff about her daily living, her educational background, and her past jobs. (R. 38-40.) The ALJ also questioned the plaintiff about the medical treatment she received, what pain medications she took, whether she experienced side effects from her medications, what level of pain she experiences, and whether she has had out-patient treatment for her mental impairments. (R. 40-44; 60-68.) Finally, the ALJ also considered the numerous disability reports, in which the plaintiff described her functional limitations. (R. 20-24; 165-81; 194-214; 225-27.) These disability reports explain how her impairments affect her functional capacity, and the magistrate judge concluded that they were appropriately reflected in the ALJ's Residual Functional Capacity ("RFC") assessment.

The magistrate judge also found no merit to the plaintiff's contention that her second hearing was insufficient because it only lasted eighteen minutes. After reviewing the record, the magistrate judge concluded that there was no ambiguity that warranted a consultative psychiatric examination because there was sufficient evidence for the ALJ to find that the plaintiff is not disabled. Finally, the magistrate judge held that there was enough information in the ALJ's possession so that he did not need to seek additional evidence or clarification by re-contacting the

4

plaintiff's treating physician.  Importantly, the plaintiff has not shown what additional information could have been obtained and what, if any, impact it would have had on the outcome of this case.

An ALJ's findings will be upheld if supported by substantial evidence.  See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).  Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'"  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'"  Sec'y of Labor v. Mut. Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record, as well as the parties' motions for summary judgment and, for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the ALJ did not err by failing to adequately develop the record.  This Court finds that the ALJ properly explored all relevant facts and inquired into issues necessary to develop the record.  See Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986).  Given the substantial support for the ALJ's RFC assessment, this Court agrees that the plaintiff is unable to show that her case was prejudiced by the alleged lack of further development of the record.

Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

IV. <u>Conclusion</u>

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge. (ECF No. 18.) The defendant's motion for summary judgment (ECF No. 16) is GRANTED and the plaintiff's motion for summary judgment (ECF No. 12) is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 13, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE